# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-60266

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
April 3, 2025

Lyle W. Cayce
Clerk

Michael Bryant,

*Plaintiff—Appellant*,

*versus*

Syncom Space Services, L.L.C.,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:22-CV-289

———————————————————————

Before Dennis, Haynes, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Michael Bryant sustained injuries from an unrepaired door at his workplace, so he sued Syncom Space Services ("S3"), the subcontractor responsible for repairing the door, for negligence. The district court granted S3's motion for summary judgment. Because Bryant fails to show that S3 owed him a duty, we AFFIRM.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

## I.    Background

Bryant worked at NASA's John C. Stennis Space Center in Mississippi.  Two of NASA's subcontractors are relevant here—S3 and Ignite.  S3 was responsible for performing maintenance and repairs at Stennis.  Meanwhile, Ignite employed Bryant to manage inventory stored in a secure bunker at Stennis.

The doors to the secure bunker began "sticking and getting hard to open and close," so Bryant reported the issue for repair.  Three months later, Bryant sustained severe injuries while closing the unrepaired door.

Bryant sued S3 for negligence, asserting that S3 did not repair the door in a timely manner.  S3 moved for summary judgment, and the district court granted the motion, concluding that S3 did not owe Bryant a duty.  Bryant appeals.

## II.    Jurisdiction & Standard of Review

The parties satisfy diversity jurisdiction, 28 U.S.C. § 1332, and we have jurisdiction over the district court's final judgment, 28 U.S.C. § 1291.

We review summary judgment de novo. *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011).  Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).

## III.    Analysis

We apply Mississippi law to Bryant's negligence claim. *See Learmonth v. Sears, Roebuck & Co.*, 710 F.3d 249, 258 (5th Cir. 2013) ("A federal court sitting in diversity applies the substantive law of the forum state.").  The familiar elements of negligence are duty, breach of duty, causation, and

damages. *Mladineo v. Schmidt*, 52 So. 3d 1154, 1162 (Miss. 2010). The district court granted summary judgment on the first element.

Despite Bryant's repeated emphasis that negligence is an issue for the jury, "[w]hether a duty exists in a negligence case is a question of law to be determined by the court." *Keen v. Miller Env't Grp., Inc.*, 702 F.3d 239, 244 (5th Cir. 2012) (quoting *Belmont Homes, Inc. v. Stewart*, 792 So. 2d 229, 232 (Miss. 2001)).

Although Bryant has the burden of establishing a duty existed, Bryant relies exclusively on law from other jurisdictions and not what Mississippi says. *See Demoney v. Gateway Rescue Mission*, 304 So. 3d 652, 658 (Miss. Ct. App. 2020) (rejecting plaintiff's argument that the defendant had a common-law negligence duty when the plaintiff "point[ed] to no clear precedent that establish[ed] such a duty under [similar] circumstances."). Bryant fails to cite any Mississippi precedent imposing a duty on S3 to Bryant. *See id.* The contract between S3 and NASA does not help Bryant's claim because "[t]here must be a duty of care 'fixed by law and independent of the contract.'" *Clausell v. Bourque*, 158 So. 3d 384, 391 (Miss. Ct. App. 2015) (quoting *Hazell Mach. Co. v. Shahan*, 161 So. 2d 618, 623 (Miss. 1964)).

Bryant fails to demonstrate that S3 owed him a duty to timely repair the door independent of S3's contract, so the claim fails. This is not a case where the defendant made the repair but messed up such that someone who was injured can then sue the defendant. Instead, it is one where the claim is that the defendant should have made the repair pursuant to a contract to which this plaintiff was not a party.

Even if S3 owed Bryant a duty, Bryant has failed to show that S3 breached that duty. Bryant asserts that S3 did not fix the door in a timely manner. The NASA-S3 contract had various timelines for work orders dependent upon the level of priority designated by the person who sent the

No. 24-60266

request to S3.  Here, S3 received the request on October 16, 2019, and the injury was 90 days later on January 14, 2020.  The work order sent was listed as "routine" and "Level 4" priority, meaning it had a 90-day deadline.  Since the accident was within that timeline, there was no failure to repair in a timely manner.  That is enough to end this case.

To the extent that Bryant claims that he is a third-party beneficiary to the contract, the claim fails because he did not first present it to the district court.  *See Am. Precision Ammunition, LLC v. City of Mineral Wells*, 90 F.4th 820, 827 n.6 (5th Cir. 2024)

## IV.    Conclusion

For the reasons above, we AFFIRM.